UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY SHOTWELL,                )
                                )
         Plaintiff,             )
                                )
    v.                          )   Case No. 1:21CV257
                                )
ROCKINGHAM COUNTY SCHOOLS       )
BOARD OF EDUCATION, et al.,     )
                                )
         Defendants.            )
                                )

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the Court on Defendants' Motion to Dismiss [Doc. #19] seeking to dismiss Plaintiff's claims for failing to state a claim upon which relief may be granted, Defendants' Motion to Dissolve [Doc. #7] seeking to dissolve the preliminary injunction that was entered by the state court judge before this case was removed to federal court, and Defendants' Motion to Modify [Doc. #27] seeking to clarify or modify the state court's preliminary injunction.

With respect to the Motion to Dismiss, the Court notes that even if the Court accepts Defendants' interpretation of Paragraph 11(b) of the Contract, Plaintiff has still raised a potential breach of contract claim for failure to provide the required 90-day written notice prior to the termination of his position and installation of a new interim superintendent, and

---

[1] On September 3, 2021, the Parties filed notice of their consent to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), acknowledging that all remaining proceedings in this matter including trial, entry of a final judgment, and ruling on post-judgment matters would come before the undersigned Magistrate Judge. [Doc. #s 24, 25].

a potential breach of contract claim for failing to provide him with annual state employee increases awarded by the General Assembly based on the language of Paragraph 3(a) of the Contract and the Parties' course of dealing in that regard. Plaintiff also asserts in the briefing a claim for breach of the implied covenant of good faith and fair dealing, which could be added by a Motion to Amend the Complaint to the extent it was not specifically set out in the Complaint. In addition, as to Plaintiff's § 1983 claims, Plaintiff does not cite to a "policy or custom" but instead points to decisions made by those with final policy-making authority to support a claim for violation of his procedural due process rights. To establish a liberty or property interest for such a claim, Plaintiff notes some statements or accusations by Individual Defendants that could potentially relate to a claim for loss of reputation, as well as an alleged property interest in his position to the extent that he would have lost additional benefits not included in the severance. With respect to Defendants' assertion of qualified immunity as to the Individual Defendants, Plaintiff notes the allegedly false statements by Individual Defendants and a loss of reputation in connection with the termination, which may involve factual issues requiring further discovery. Therefore, as to each of these issues, the Court would intend to set the matter for a hearing to determine which claims should be dismissed and which claims should proceed to discovery.

With respect to the Motion to Vacate, Defendants seek to vacate a preliminary injunction that was entered by the state court judge before the case was removed to federal court. On that issue, the Court finds that the preliminary injunction remains in effect pursuant to 28 U.S.C. § 1450, and the Court finds no reason to revisit the state court's determination at this stage in the litigation. However, with respect to the Motion to Modify, the Court notes

that Plaintiff has not responded or objected to the Motion to Modify, and it appears that the Motion to Modify seeks only to clarify and confirm a point on which all of the Parties seem to be in agreement: Plaintiff's contract with the Defendant Board will naturally terminate on June 30, 2022 by its own terms. Nothing in the state court's preliminary injunction should be read to affect the natural termination of the contract on June 30, 2022. Therefore, the Court will deny the Motion to Vacate but grant the Motion to Modify to make that clarification.

Given the timing involved, the Court notes that the claims here may be largely moot after June 30, 2022. Almost all of Plaintiff's claims relate to the attempted termination of his Contract without cause prior to June 30, 2022. To the extent that issue becomes moot, the claims remaining would relate primarily to the alleged failure to provide the annual state employee wage increases from 2018 through 2022. Given that, the Court will stay the case for 90 days and require the Parties to conduct pre-discovery mediation. If the Parties cannot agree on a mediator within 21 days of the date of this Order, the Clerk will select a mediator from the Court's panel of mediators. If the case is not resolved at mediation, the Court will lift the stay and set the case for a hearing to address the issues raised in the Motion to Dismiss, as highlighted above, and to address the mootness of any of the asserted claims, the scope of discovery for any remaining claims, and, if only state claims remain, whether the Court should exercise jurisdiction over any remaining state claims.

IT IS THEREFORE ORDERED that the Motion to Dissolve Preliminary Injunction [Doc. #7] is DENIED, but the Motion to Modify Preliminary Injunction [Doc. #27] is GRANTED to the extent that the Court clarifies that nothing in the state court's preliminary injunction should be read to affect the natural termination of the Contract on June 30, 2022.

IT IS FURTHER ORDERED that this case is STAYED, and the Parties are required to conduct pre-discovery mediation during the stay, on or before July 1, 2022. If the Parties do not provide the name of an agreed-upon mediator by April 19, 2022, the Clerk will select a mediator from the Court's panel of mediator. If the case is not resolved at mediation, the Court will lift the stay and set the matter for a hearing to address the issues raised in the Motion to Dismiss, as highlighted above, and to address the mootness of any of the asserted claims, the scope of discovery for any remaining claims, and, if only state claims remain, whether the Court should exercise jurisdiction over any remaining state claims.

This, the 29th day of March, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge